IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RESEARCH INSTITUTE AT
NATIONWIDE CHILDREN'S HOSPITAL,

    Plaintiff,

                              Case No. 2:15-cv-3032
                              Chief Judge Edmund A. Sargus, Jr.
    v.                          Magistrate Judge Elizabeth P. Deavers

TRELLIS BIOSCIENCE, LLC, *et al.*,

    Defendants.

**OPINION AND ORDER**

Plaintiff, Research Institute at Nationwide Children's Hospital ("RINCH"), brings this action for breach of contract and violation of the Ohio Uniform Trade Secrets Act, Ohio Revised Code §§ 1331.61-69, asserting that Defendant Trellis Bioscience LLC ("Trellis") misappropriated trade secrets related to research and development of antibodies. This matter is before the Court for consideration of Plaintiff's Motion for Leave to File *Instanter* its Amended Complaint (ECF No. 79, 83), Defendants' Memorandum in Opposition (ECF No. 101, 107), and Plaintiff's Reply. (ECF No. 115, 118.) For the reasons that follow, Plaintiff's Motion is **GRANTED**.

# I.

According to the Complaint, RINCH contacted Trellis around December 2012 to discuss a possible partnership, including the development of antibodies with higher therapeutic efficacy. (ECF No. 1; the "Complaint" or "Compl." ¶ 16.) Trellis was in the business of development of native human antibodies, including antibodies for human therapies and RINCH was seeking a partner to develop antibodies possessing high affinity for bacterial biofilms using RINCH's proprietary Advanced Epitope Mapping process. (*Id.* ¶¶ 15, 17.) On December 18, 2012, the parties entered into a Mutual Non-Disclosure Agreement (the "NDA") in order to protect the confidentiality of information of Trellis or RINCH to be disclosed solely for use in evaluating or pursuing a business relationship between the parties in the area of antibody discovery and development. (*Id.* ¶ 18.) On November 24, 2015, RINCH filed this action against Trellis for alleged breach of the NDA and misappropriation of trade secrets related to RINCH's proprietary Advanced Epitope Mapping biofilm-remediation pharmaceutical technology.

On March 25, 2016, the Court issued a Preliminary Pretrial Order, its scheduling order containing deadlines suggested to the Court by the parties in their Rule 26(f) report. (ECF No. 33.) The Court set August 1, 2016 as the deadline for motions or stipulations addressing the parties or pleadings, December 21, 2016, as the deadline for discovery, and February 1, 2017, as the deadline for dispositive motions. Trellis sought an extension of time to file an Answer to the Complaint. The parties negotiated for some time in an effort to settle the dispute, which ultimately proved unsuccessful. Trellis thereafter moved to dismiss the case for lack of personal jurisdiction. Trellis did not file its Answer to the Complaint and Counterclaims until October 24, 2016 after the Court denied its Motion to Dismiss. (ECF No. 64.) RINCH filed its Answer to Trellis' Counterclaims on November 4, 2016. (ECF No. 66.) The Court subsequently issued

multiple Scheduling Orders, none of which addressed a new deadline for filing amendments to the pleadings.  In its most recent Scheduling Order, the Court set June 19, 2017 as the deadline for discovery and July 17, 2017 as the deadline for summary judgment motions.  (ECF No. 58.)

RINCH filed the subject Motion on January 24, 2017.  Through this Motion, RINCH seeks leave to amend its Complaint for the first time in order to include an allegation that, in addition to Trellis' breach of the express terms of the NDA, Trellis breached the covenant of good faith and fair dealing under the NDA.  RINCH posits that its proposed amendment will not prejudice Defendants and will not necessitate an extension of the existing case schedule.  Trellis opposes RINCH's Motion, citing prejudice, undue delay, and futility as the bases for their objection.

## II.

As a preliminary matter, the Court addresses the appropriate standard by which RINCH's Motion for Leave to Amend should be measured.  A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause.  *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824, 830 (6th Cir. 2005).  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)).

Once the scheduling order's deadline passes, a party first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a). *Leary*, 349 F.3d at 909.

In the instant case, it is undisputed that Plaintiff missed the Preliminary Pretrial Order's deadline of August 1, 2016 to file its Motion for Leave to File an Amended Complaint. In the Court's view, however, the parties never proposed and the Court itself neglected to extend the deadline for submission of motions addressing the pleadings in the numerous Orders granting extensions such that application of the "good cause" standard may be inappropriate. Nevertheless, as set forth below, the Court finds that RINCH has demonstrated good cause.

The Court concludes that RINCH did not delay in bringing the instant Motion. To begin, Trellis did not even file its Answer and Counterclaims until October 14, 2016, and RINCH filed its Answer to the Counterclaims November 4, 2016, well after the August 1, 2016 deadline for amending pleadings past. Yet, Trellis argues that the Motion is unreasonably delayed because it is based on documents RINCH has known about "for months" during the litigation and, in some instances, prior to this lawsuit, with particular emphasis on an October 3, 2013 email that it sent to RINCH with an update of its progress. (Def's Mem. in Opp., at pp. 3-5, ECF No. 101.) As RINCH makes clear, however, these earlier documents together with recently discovered evidence, including deposition testimony and hundreds of thousands of documents produced just prior to and during the pendency of their Motion, form the bases for its claim that Trellis breached the covenant of good faith and fair dealing under the NDA. (Pl's Reply, at pp. 6-10, ECF No. 118.)

The sequence and timing of discovery in this case supports the conclusion that RINCH did not delay in bringing its Motion to Amend its Complaint. RINCH exercised the requisite

4

diligence in attempting to meet the Court's original case management order's requirements. *Inge,* 281 F.3d at 625. Because RINCH has demonstrated good cause to modify the Court's Scheduling Order, the Court turns now to consider whether amendment is proper under Rule 15(a).

## III.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, when a party decides "to advance a new claim as a result of [] discovery," Rule 15(a) provides for "liberal amendment to the complaint." *Tucker v. Union of Needletrades, Indust. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

Trellis' objections to RINCH's Motion on the grounds of undue delay and prejudice are not well taken. Trellis primarily takes issue with RINCH's assertion of a new claim, contending

5

that addition of this claim will unduly delay the resolution of this litigation. Trellis, however, fails to adequately explain why this is so. The parties had ample time to engage in fact discovery, successfully seeking multiple extensions over the life the case, while expert discovery is still open. Moreover, the Court is unable to discern why the addition of this claim, which is actually a nuanced allegation premised on a violation of the same NDA already at issue in the breach of contract claim, would necessitate appreciable delay. Given the similarity of RINCH's existing breach of contract claim and the new allegation of breach of implied covenant of good faith and fair dealing, Trellis easily could have asked questions relevant to the new allegation during RINCH's Rule 30(b)(6) depositions, which had not yet been taken when RINCH filed its Motion for Leave to Amend. Trellis did, in fact, ask questions relevant to the new allegation during Matthew McFarland's Rule 30(b)(6) deposition. (Def's Mem. in Opp., at pp. p. 6, ECF No. 101.) Trellis does not allege prejudice beyond that attributable to undue delay. In sum, Trellis' allegations of undue delay and prejudice do not persuade this Court to deny Plaintiff leave to amend.

Trellis' remaining argument in opposition to RINCH's Motion is that the new claims it seeks to assert are futile, *i.e.*, that this claim fail to state a claim upon which relief can be granted. Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim," this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *See*, *e.g.*, *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"), *and* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the

6

court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . ."). In light of this procedural impediment, the Court concludes that the better course would be to permit RINCH to amend its Complaint with the understanding that Trellis is free to challenge the claims against them through a motion to dismiss. *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md.*, 715 F.Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

**IV**.

For the foregoing reasons, RINCH's Motion is **GRANTED**. (ECF No. 79, 83.) The Clerk is **DIRECTED** to file RINCH's Amended Complaint attached to its Motion as Exhibit A **PUBLICLY** (ECF No. 79-1), and Exhibits B through H of its sealed Motion **UNDER SEAL** (ECF. No. 83-1--7.)

**IT IS SO ORDERED.**


Date: April 26, 2017    s/ *Elizabeth A. Preston Deavers*
                        ELIZABETH A. PRESTON DEAVERS
                        UNITED STATES MAGISTRATE JUDGE